286 So.2d 281 (1973)
AID, INC., a Delaware Corporation, and Margate M.C., Inc., a Florida Corporation, Appellants,
v.
George CRAVERO, Jr., and Herbert C. Haber, Appellees.
No. 72-847.
District Court of Appeal of Florida, Fourth District.
December 14, 1973.
*282 James W. Geiger of Geiger, O'Neal & Booth, Fort Lauderdale, for appellants.
Ronald R. Goller and O. Edgar Williams, Jr., of Berryhill, Avery Schwenke & Williams, Fort Lauderdale, and John B. Gregory, Jr. & Associates, P.A., Fort Lauderdale, for appellees.
CROSS, Judge.
This is an appeal from a final judgment declaring a noncompetition clause in a purchase and sales contract to be void under Section 542.12, Florida Statutes 1971, F.S.A. We reverse.
In early 1971 appellant-defendant, AID, Inc., contacted the stockholders of Margate Health Center, Inc. (Haber, Cravero, Marquesee, and King), and requested them to sell the hospital facility that Margate Health Center was building. A tentative agreement was reached whereby Margate Health Center would sell to AID all the existing stock in Margate Health Center. However, when King, one of the stockholders in Margate Health Center, died, the parties modified the agreement so that the transaction was no longer a sale of stock but rather a sale of all the assets of Margate Health Center to AID. The purchase agreement was signed on February 4, 1971, in which Margate Health Center would deliver to AID a licensed hospital complex ready to admit patients on the March 1, 1971 closing date in exchange for $2,900,000.
While preparing for the closing, AID representatives discovered that Margate Health Center owned only the hospital land and building. All the operational elements of the hospital were owned by Margate General Hospital, Inc., a corporation composed of Haber, Cravero and Marquesee. In order to comply with the substance and intent of the February 4, 1971 purchase agreement, all the operational elements of the hospital had to be transferred from Margate General Hospital to AID. In order to accomplish this, three shares of Margate General Hospital stock were issued to Haber, Cravero and Marquesee. At the March 1, 1971 closing these three shares of Margate General Hospital stock, as well as all the assets of Margate Health Center, were transferred to AID. Also at the closing, the sellers executed a document entitled "Certification," which bound Margate General Hospital, its stockholders, and Margate Health Center to all of the covenants, warranties and representations made in the February 4, 1971 purchase agreement.
The February 4, 1971 purchase agreement contained the following non-competition clause:
"Non-competition  Each stockholder individually agrees not to directly or indirectly or in concert compete with the Hospital within a radius of ten miles from the hospital for at least five years, provided, however, as to George Cravero, this non-competition agreement shall in no way prohibit Mr. Cravero from engaging as a general contractor in the *283 construction or non-equity affiliation with properties similar to Margate; further provided that said George Cravero agrees not to initiate a similiar [sic] project within the time period and area limitation specified."
Forty-five days after the closing of the sales transaction, Cravero and Haber requested AID to release them from the non-competition clause. When AID refused to waive the non-competition clause, Cravero and Haber instituted this suit for a declaratory judgment against the appellants-defendants AID and Margate M.C., Inc. seeking to declare the non-competition clause void in violation of Section 542.12, Florida Statutes 1971, F.S.A., and for an injunction restraining the defendants from enforcing said clause. Final judgment at conclusion of trial was entered in favor of plaintiffs and against defendants granting the requested relief. This appeal then followed.
AID and Margate M.C. contend on appeal that the trial court erred in entering a final judgment declaring the non-competition clause in the purchase agreement void and enjoining the defendants from enforcing the clause. The trial court's decision resulted from a finding that the transfer by the plaintiffs, Cravero and Haber, of all the stock that they owned in Margate General Hospital to AID was (1) a "gratuitous incident," (2) made "without consideration, solely for the convenience of the purchasers," and (3) not a material part of the contract. Therefore, the trial court concluded that the disposal of the Margate General Hospital stock by Cravero and Haber was not sufficient under F.S. § 542.12, F.S.A., and accordingly, entered the final judgment here under attack.
The portion of Section 542.12, Florida Statutes, F.S.A., relevant to the instant appeal provides:
"(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void.
"(2) ... [A]ny shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, ... to refrain from carrying on or engaging in a similar business ... within a reasonably limited time and area... ."
It is clear from a reading of the above statute that the manner in which the shareholder purges himself of his stock in the corporation is irrelevant. There is no requirement in the statute which dictates that the stock transfer from the shareholder in the corporation to the stock's purchaser be for consideration or a material part of a contract. The only requirement which must be fulfilled before the purchaser of stock and a shareholder in the corporation may enter into a valid non-competitive agreement is that the shareholder must sell or otherwise dispose of all of his shares in the corporation to the buyer.
In the case at bar, Haber, Cravero, and Marquesee had to transfer the assets of two corporate entities, Margate Health Center and Margate General Hospital, to AID in order to comply with the substance and intent of the February 4, 1971 purchase agreement. This transaction would give AID the hospital land, the hospital building, and all the operational elements necessary for the hospital to be fully licensed and ready to admit patients. To accomplish the transfer Haber, Cravero, and Marquesee conveyed all the assets of Margate Health Center and all the stock of Margate General Hospital to AID. In consideration, AID paid Haber, Cravero, and Marquesee $2,900,000.
It is clear from the record that only three shares of Margate General Hospital stock were in existence. These were issued to Haber, Cravero, and Marquesee shortly before the closing of the hospital sale. At the closing on March 1, 1971, all three *284 shares of Margate General Hospital stock were transferred to AID by the three stockholders. Each of the three Margate General Hospital shareholders sold or disposed of all of his stock in Margate General Hospital to AID. Therefore, under Section 542.12, Florida Statutes, F.S.A., AID entered into a valid non-competition clause with each of the Margate General Hospital shareholders  Haber, Cravero, and Marquesee.
Accordingly, the final judgment of the trial court is vacated and set aside, and the cause is remanded for entry of a final judgment consistent with the views herein expressed.
Reversed and remanded.
OWEN, C.J., and DOWNEY, J., concur.